LOUISVILLE & N. R. CO v. STEWART.

(Circuit Court of Appeals, Seventh Circuit. May 2, 1893.)

No. 7.

DECLARATIONS AS EVIDENCE—RES GESTAE.

In an action against a railroad company for injuries alleged to have been caused by the defective condition of a locomotive engine, declarations as to the condition of the engine by engineers in charge of it, made

at various times from six hours to five months before the accident, are inadmissible in evidence against the company, not being part of the res gestae.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action on the case by James H. Stewart against the Louisville & Nashville Railroad Company to recover damages for personal injuries. Plaintiff obtained judgment. Defendant brings error. Reversed.

J. M. Hamill, for plaintiff in error.
George B. Leonard, for defendant in error.

Before GRESHAM, Circuit Judge, and BLODGETT and JENKINS, District Judges.

JENKINS, District Judge. The accident to the defendant in error, for which damages are here sought to be recovered, occurred while he was a brakeman in the service of the plaintiff in error, and either in the attempt to get upon a moving engine or in being thrown from the engine while standing upon the steps, the engine being in motion. It is charged that this resulted from the negligent and sudden starting of the engine, which was out of repair, and, by reason of the steam valves leaking steam, could not be properly controlled in starting or reversing her motion, and by running the engine violently backward over broken and defective rails. The negligence charged is threefold: First, operating a defective engine; second, negligence in the operation of the engine; third, a defective roadbed. At the trial the evidence was directed chiefly to the condition of the engine. Substantially all the testimony on the part of the defendant in error going to that fact consisted in declarations, admitted under objections, of several engineers having charge of the engine at different times. These declarations were made at various periods from six hours to five months prior to the accident. We are of opinion that this testimony was improper, and should have been excluded. The declarations were no part of the res gestae. They do not relate to anything occurring at the time of the accident and in connection therewith, but to alleged defects in the engine, and were made long before the accident. None of these engineers stood in the place of the railway company for the purpose of admitting its negligence. They had no authority to bind the company, except by such acts as were within the scope of the delegated authority, and in regard to a transaction then pending et dum fervet opus. Packet Co. v. Clough, 20 Wall. 540; Railroad Co. v. O'Brien, 119 U. S. 99, 7 Sup. Ct. Rep. 118; Insurance Co. v. Smith, 124 U. S. 405, 424, 8 Sup. Ct. Rep. 534.

The declaration of the engineer to the plaintiff upon the morning of the accident, and some six hours prior thereto, to the effect that the engine would soon go to the shop for repairs, was also improperly admitted. His duty involved the management and operation of the engine; not its repair. It was not within the scope of

his agency to give assurance to the defendant in error of the repair of the engine, so as to warrant the latter to continue in a service dangerous by reason of a defective engine, for such a period after the promise as it would be reasonable to allow for its performance.

The admission of the engineer's declaration to the defendant in error of the promise of the master mechanic to repair the engine was also erroneous upon the ground first stated.

Serious objections to the charge of the court to the jury were urged at the hearing. As, however, there must result a new trial, which may present the case in a different aspect, we do not deem it needful at this time to express an opinion upon the charge.

The judgment is reversed, and the cause remanded, with directions to award a new trial.